# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-01070-CEH-CPT

CHRISTOPHER CARNEGIE,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

FIRST FLEET, INC. OF TENNESSEE
d/b/a FIRST FLEET, INC.

      Defendant.

_____/

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

    Plaintiff, Christopher Carnegie ("Plaintiff"), individually and on behalf of the Settlement Class(es) (defined below), and Defendant, FirstFleet, Inc. of Tennessee ("FirstFleet") (collectively, the "Parties"), enter into this Class Action Settlement Agreement and Release ("Agreement") to resolve all claims in this action, subject to the approval of the Court.

**I.**    **Recitals.**

    1.    Plaintiff initiated this action by filing a Complaint on May 2, 2018. Plaintiff asserted claims on behalf of himself and a putative class against FirstFleet under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), alleging that FirstFleet violated the notice requirements of COBRA. Plaintiff asserted that the COBRA notice, among other violations, (i) failed to include an explanation of the maximum period for

which coverage would be available and the coverage termination date; (ii) failed to include an address for payment of premiums and (iii) failed to identify the Plan Administrator.   Plaintiff sought statutory penalties pursuant to 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-1 in the amount of $110 per day for himself and each putative Class member who was sent an alleged defective COBRA.  Plaintiff also claimed injunctive relief individually, and on behalf of the putative Class, regarding the subject COBRA notice.

2.     FirstFleet responded to the Complaint on June 14, 2018 by denying certain allegations, including that the alleged COBRA notice attached to the Complaint was the correct notice sent to Plaintiff and denied having violated any of the COBRA provisions cited in the Complaint. FirstFleet also raised affirmative defenses, including those directed at Plaintiff's class allegations – that Plaintiff is an inadequate class representative, the lack of numerosity, typicality, commonality, and that individual issues predominate over those typical of the class.  FirstFleet further raised defenses, including preemption of common law claims, the failure to comply with Plan documents, the failure to mitigate damages, the failure to assert a cognizable cause of action, FirstFleet's good faith defense, Plaintiff's lack of injury, the failure to satisfy jurisdictional prerequisites and exhaust administrative remedies, the COBRA Notice having met the applicable legal standards, injunctive relief as not appropriate in that Plaintiff had an adequate remedy at law, Plaintiff's lack of standing and the failure to include all indispensable third parties.

3.     The Parties participated in full-day Court-ordered mediation conducted by mediator, Carlos Burreuzo, on December 7, 2018.  While the Parties reached an *impasse* on the day of mediation, through the continued assistance of the Mediator, the Parties subsequently reached an agreement and cooperated in preparing and executing a Term Sheet.  (Ex. "A").

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

4.     Subsequently, the Parties prepared and now enter into this Class Action Settlement Agreement and Release, which memorializes in full the terms of the Parties' amicable resolution of this case, including the provisions in the Term Sheet. The Parties were represented by competent counsel at mediation and during all negotiations, which resulted in the execution of this Agreement.

5.     Plaintiff's counsel, who have substantial experience representing class representatives and prosecuting class actions, have investigated the law and facts relating to the claims asserted in the Complaint. Based on their experience in representing class representatives and litigating class action cases, Plaintiff's counsel has concluded that this Settlement is fair and reasonable and in the best interests of the Settlement Class(es), as defined below (Class #1 and Class #2, collectively, are also referred to as the "Settlement Class"). Plaintiff's counsel has given due consideration to the benefits of amicably resolving this case as described herein and the risks and delays associated with further litigation including, without limitation, the risk that Plaintiff's motion for class certification may be denied.

6.     FirstFleet expressly denies that it has engaged in any wrongdoing and denies that the COBRA notice at issue is deficient. By entering into this Agreement, FirstFleet does not admit, nor concede any fault or liability in connection with any facts or claims that have been or could have been alleged against it in this action. FirstFleet denies that it has any liability whatsoever to Plaintiff or any members of the Settlement Class. FirstFleet has entered into this Agreement solely to purchase peace and in recognition of the substantial expense and burden of continued litigation, the substantial period of time required to arrive at a judicial resolution of the issues

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

presented, and the concomitant inconvenience, distraction, and disruption to its business operations.

7.      Subject to the approval of the Court, the Parties propose to settle this Action on the terms set forth this Agreement.

**II.      Definitions.**

As used in this Agreement, capitalized terms and phrases not otherwise defined have the meanings provided below:

8.      Action or Lawsuit: the above-captioned action, *Carnegie v. First Fleet, Inc. Of Tennessee,* Case No. 8:18-cv-0107-CEH-CPT, United States District Court, Middle District of Florida, Tampa Division.

9.      Agreement or Settlement or Settlement Agreement: this Class Action Settlement Agreement and Release.

10.      Class Counsel: Wenzel, Fenton, Cabassa, P.A. and Fulgencio Law, P.L.L.C.

11.      Class Notice Date: the date that Notices of Settlement are initially mailed to Settlement Class Members.

12.      Class Period for Class #1 and Class #2:

**Class #1: The Untimely COBRA Notice Class:**

All participants and beneficiaries in the Defendant's Health Plan in the United States who were entitled to be provided notice of their COBRA rights due to a qualifying event pursuant to 29 U.S.C. 1163(a)(1)(2) and (4) and who were not provided a COBRA notice in the timeframe mandated by 29 U.S.C. 1166, between October 29, 2013 to May 2, 2018 or the date of receipt by the subject participants and beneficiaries, whichever is later.

**Class #2: The Deficient COBRA Notice Class:**

All participants and beneficiaries in the Defendant's Health Plan in the United States who were sent a COBRA notice

4

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

by Defendant in the form attached as Exhibit B, between October 29, 2013 to September 21, 2017, as a result of a qualifying event, as determined by Defendant, who did not elect continuation coverage.

13.    Class Representative or Plaintiff:  Christopher Carnegie.

14.    COBRA: the Consolidated Omnibus Budget Reconciliation Act of 1985, including all regulations promulgated and applicable case law thereunder.

15.    COBRA Coverage: continuing health and welfare insurance coverage provided under COBRA.

16.    COBRA Notice: the notice regarding the right to elect COBRA Coverage provided by or on behalf of FirstFleet to the Settlement Class (as defined below) in the form at issue in the Action. (Ex. B.)

17.    Court: the U.S. District Court for the Middle District of Florida, Tampa Division.

18.    Deadline to Opt Out or Object: the date the Court establishes as the deadline by which Settlement Class Members must postmark a written notice of their intent to opt out of the Settlement and by which any objections to the Settlement must be filed with the Court. Settlement Class Members shall have sixty (60) days after the Notice of Settlement is mailed to opt out of or object to the Settlement.

19.    Defendant or FirstFleet: Defendant.

20.    Effective Date: means the first day after the first date on which all of the following have occurred: a) all Parties have executed this Agreement; b) the Court has preliminarily approved this Agreement; c) reasonable notice has been given to the Settlement Class Members, including providing them an opportunity to opt out, or object to  the Settlement; d) the Court has a held a final approval hearing, entered  a final Order  approving the Agreement, awarded the Plaintiff any

5

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

incentive award, and awarded Class Counsel its reasonable attorneys' fees and costs; and, e) if there are written objections filed before the Final Approval Hearing and those objections are not withdrawn or overruled, the last of the following events to occur:

> **First,** if no appeal of the Final Approval Order is filed by a timely objector, then the date on which objector's time to appeal the Final Approval Order has expired with no appeal;

> **Second,** if an appeal of the Final Approval Order is filed by a timely objector, then after the Final Approval Order is affirmed by the appellate court, the date on which all applicable deadlines for filing any motions for rehearing or further appeal have expired without any such motion or further notice of appeal having been filed or any such motion for further appeal has been resolved with no possibility of subsequent appeal.

> **Finally,** if no objector timely objects, the Effective Date will be the date that is 10 days after entry of the Final Approval Order provided that date is not a Saturday, Sunday or federal holiday in which event the Effective Date will be the next business day.

21.   <u>Final Approval Hearing:</u> the hearing to be conducted by the Court, following the Court's preliminary approval of this Settlement, dissemination of the Notice of Settlement to the Settlement Class distributed by the Settlement Administrator, and required notices under the Class Action Fairness Act ("CAFA") distributed by the Settlement Administrator, at which time the Parties will jointly request the Court to finally approve the fairness, reasonableness and adequacy of the terms of this Settlement and to enter a Final Approval Order. Defendant's counsel will take the lead on preparing a draft of the Final Approval Motion and will coordinate finalizing the motion with input from all Parties, including the Released Parties as defined herein.

22.   <u>Final Approval Motion:</u> The Parties' joint motion seeking final approval of this Settlement.

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

23. <u>Final Approval Order:</u> the Court's order granting final approval of this Settlement on the terms provided herein, or as the same may be modified by subsequent written mutual agreement of the Parties.

24. <u>Gross Settlement:</u> the total amount that the Settlement Fund Payor (as defined below) shall pay in settlement of this Action pursuant to Paragraph 37 of this Agreement.

25. <u>Net Settlement Proceeds:</u> the amount of money remaining after the Gross Settlement is reduced by the following amounts, none of which FirstFleet opposes:

    a.    any service award to the Plaintiff that the Court approves up to $10,000;

    b.    any award of Class Counsel attorneys' fees up to 33.33% of the total Gross Settlement, plus costs;

    c.    Court-approved costs of the settlement administration process;

    d.    All other expenses of any type, including, but not limited to, service payments and mediation fees.

26. <u>Notice of Settlement:</u> the Notice of Class Action Settlement approved by the Court in its Preliminary Approval Order, which shall be sent to the Settlement Class Members by U.S. Mail.

27. <u>Parties:</u> Plaintiff on behalf of himself and as Class Representative and Defendant, FirstFleet.

28. <u>Preliminary Approval Motion:</u> the Parties' joint motion seeking preliminary approval of this Settlement. FirstFleet's counsel will take the lead on preparing a draft of the Preliminary Approval Motion and will coordinate finalizing the motion with input from all Parties, including the Released Parties as defined herein.

29. <u>Preliminary Approval Order:</u> the Court's order preliminarily approving this Settlement. FirstFleet's counsel will take the lead on preparing a draft of the Preliminary

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

Approval Order and will coordinate finalizing the order with input from all Parties, including the Released Parties as defined herein. The Parties intend to submit the Preliminary Approval Order to the Court contemporaneously with the Parties' joint motion for preliminary approval.

30. <u>Released Parties:</u> (i) FirstFleet, (ii) its current and former third party COBRA notice providers (including WageWorks, Inc. and/or CONEXIS, Inc.), (iii) FirstFleet's third party health care provider, (iv) its outsourced third party COBRA administrator, Selerix, (v) any entity that was involved in any way with the drafting or delivery of the COBRA notice as defined herein, including, without limitation, the entities identified in Paragraph N of Exhibit A (the "Term Sheet"), and (vi) each of their affiliates, parent companies, subsidiaries, predecessors, successors, corporate family members, officers, directors, partners, employees, attorneys, agents, insurers, shareholders, representatives, trustees, principals, and assigns.

31. <u>Settlement Classes:</u> classes (as more specifically defined above) certified pursuant to Fed. R. Civ. P. 23 for settlement purposes only, consisting of approximately 2,078 members who were sent the COBRA Notice, or should have been sent the COBRA Notice, by or on behalf of FirstFleet at any time from October 29, 2013 to May 2, 2018, or the date of receipt by the subject participants and beneficiaries, whichever is later (Class #1) and members who were sent the COBRA Notice, or should have been sent the COBRA Notice, by or on behalf of FirstFleet at any time from October 29, 2013 to September 21, 2017 who did not elect continuation of coverage (Class #2), excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement.

32. <u>Settlement Class Members:</u> any individual who is a member of the Settlement Classes. A list of the names of each Settlement Class Member and the address

8

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

to which a COBRA Notice was sent shall be provided by FirstFleet, or on behalf of FirstFleet by the applicable outsourced third party COBRA administrator, to the Settlement Administrator within ten (10) days after issuance of the Preliminary Approval Order. Before such a list is provided, the Settlement Administrator shall sign an Acknowledgement of the Confidentiality Stipulation, which is attached as Ex. ___. The Settlement Administrator shall destroy this list of names and addresses and any copies thereof within ninety (90) days after the deadline for cashing settlement checks expires.

33.    Settlement Account: the account that is established by the Settlement Administrator for purposes of administering monetary relief under this Agreement.

34.    Settlement Administrator: American Legal Claims Services, LLC, a third-party settlement administrator selected and retained by the Parties for purposes of administering the Settlement and mailing the Notice of Settlement and Settlement Payments to Settlement Class Members.

35.    Settlement Fund Payor: FirstFleet and/or its outsourced third party COBRA notice provider(s) or administrator(s).

36.    Settlement Payment: an equal portion of the Net Settlement Proceeds that each Settlement Class Member shall be entitled to receive, payable by check from the Settlement Administrator, pursuant to Paragraph 38 of this Agreement.

### III.    Monetary Benefits to the Settlement Class.

37.    Settlement Account. Within ten (10) days of the Effective Date, the Settlement Administrator shall establish a Settlement Account for purposes of administering monetary relief under this Agreement, and shall provide Class Counsel and FirstFleet's counsel with any information relating to the Settlement Account that is reasonably necessary for the

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

Settlement Fund Payor to fund the Settlement Account in accordance with Paragraph 37, including but not limited to a properly executed Form W-9.

38.     Funding of Settlement Account. Within twenty (20) business days of the Effective Date, FirstFleet, on behalf of the Settlement Fund Payor, shall deposit a sum total of Three Hundred Eighty Six Thousand Dollars and No Cents ($386,000.00) into the Settlement Account, which sum may be paid in one or more deposits to the Gross Settlement Account, which shall establish the Gross Settlement and be used by the Settlement Administrator to pay Settlement Class Members and to pay any amounts approved by the Court for Plaintiff's attorneys' fees and expenses, expenses of settlement administration, mediation, and any class representative service award. Payment of this sum shall be the sole, total and only payment obligation FirstFleet or any Settlement Fund Payor has in settlement of this Action.

39.     Settlement Payments. The Net Settlement Proceeds, *i.e.,* the amount remaining in the Settlement Account after deduction of any and all amounts approved by the Court for Plaintiffs attorneys' fees and costs, and expenses of settlement administration, and any class representative service award, shall be distributed to Settlement Class Members on a pro rata basis in the form of individual settlement checks. Each Class Member will receive an equal pro rata portion of the Net Settlement Proceeds.

40.     Manner of Distribution. The Settlement Administrator shall send the Settlement Payments to Settlement Class Members by U.S. Mail within thirty (30) days after the Settlement Fund Payor has funded the Settlement Account. For purposes of this mailing, the Settlement Administrator shall use the address information that FirstFleet provides for each Settlement Class Member in accordance with Paragraph 32 of this Agreement, subject to

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

appropriate updating of addresses by cross-referencing the National Change of Address Database. If any Settlement Payment is returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will promptly re-mail the check to the forwarding address. If the Settlement Payment is returned without a forwarding address, the Settlement Administrator or Class Counsel shall make reasonable efforts to obtain a current address for the pertinent Settlement Class Member, and the Settlement Administrator shall re-mail the check if a current address is obtained before the check's expiration date.

41.    <u>Deadline for Cashing Checks.</u> Each Settlement Class Member shall have sixty (60) Days from the date which appears on the face of check issued to him/her to negotiate his/her settlement check. If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their settlement checks as a result of uncashed or undeliverable checks, the Settlement Administrator shall retain such funds in the Settlement Account for a period of ten (10) business days to allow for the processing and payment of any checks that may still be in the bank's check clearing process. Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance as a *cy pres* award to be paid to Bay Area Legal Services, Inc. within five business days.

42.    <u>Payments Not Considered Wages.</u> The Parties agree that the Settlement Payments are not wages and shall not be treated as such by FirstFleet or the Settlement Fund Payor for tax purposes. The Settlement Administrator shall arrange for the preparation and filing of any tax reports, forms, and returns required to be filed, prepared or disseminated by the Settlement Account, and will send Class Counsel copies of any such filings and receipts of payment in a timely manner. Neither the Parties, the Settlement Fund Payor, nor their respective counsel shall

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Account.

## IV.   Attorneys' Fees and Expenses;  Costs of Administration.

43.   Unopposed Motion for Attorneys' Fees and Expenses. At least ten (10) days prior to the Final Approval Hearing, Plaintiff will seek an order from the Court awarding Class Counsel their reasonable attorneys' fees in the sum total of Thirty-Three and One-Third Percent (33.33%) of the Gross Settlement and, in addition, out-of-pocket expenses incurred in this Action, which, upon approval, will be paid from the Settlement Account.  Under no circumstances shall Plaintiff seek an amount of attorneys' fees in excess of the agreed upon percentage fee set forth herein, except their actual documented out-of-pocket expenses may exceed this amount when added to the capped 33.33% in attorneys' fees.  FirstFleet agrees that it will not oppose Plaintiff's application for attorneys' fees and costs, up to 33.33% of the Gross Settlement, plus costs.  Under no circumstances shall any Settlement Fund Payor be responsible for paying any additional monies over and above the Gross Settlement of $386,000 set forth in paragraph 37 above.  The cost of notice for administration shall be paid out of the Gross Settlement and will also reduce the Settlement Class Members' claims proportionally to the cost.  In no event shall FirstFleet be liable for making any payments under this Settlement Agreement, or for providing any relief to the Settlement Class Members, before the deadlines set forth in this Agreement.

44.   Payment of Approved Attorneys' Fees and Expenses. Within ten (10) business days of the Settlement Account being funded pursuant to Paragraph 38 above, the Settlement Administrator shall pay attorneys' fees and expenses to Class Counsel, pursuant to the terms of the Court order granting such award, by wire transfer or check from the Settlement Account as directed by Class Counsel to the trust account of Wenzel Fenton Cabassa, P.A.

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

45.     <u>Cost of Administration</u>. The Parties agree that all costs of administration shall be paid out of the Gross Settlement and not by FirstFleet. Plaintiff and Plaintiff's counsel will not be responsible for any costs related to the notice process for any reason, this includes any errors in the notice, remailing costs, or anything else related to the dissemination of notice or other costs of administration; however, such costs shall be paid from the Gross Settlement.

46.     <u>Other Expenses Borne by the Parties.</u>  Subject to Paragraphs 43, 44 and 45 above, each Party shall otherwise bear his/its own attorneys' fees and expenses.

## V.     <u>Service Award.</u>

47.     <u>Service Award.</u> At the same time that Plaintiff and Class Counsel file a Motion for Attorneys' Fees and Expenses, they may seek approval of a class representative service award of Ten Thousand Dollars ($10,000.00). In the event Plaintiff's request for a service award is approved by the Court, the Settlement Administrator shall issue a check from the Settlement Account made payable to Plaintiff at the same time that Class Counsel's attorneys' fees and expenses are paid pursuant to Paragraph 44.  FirstFleet agrees not to oppose a request for the service award for Plaintiff, as awarded by the Court, up to a maximum of $10,000.00.  Plaintiff and Class Counsel agree not to seek a service award in excess of the above amount.

## VI.    <u>Release of Claims</u>

48.     <u>Plaintiff and Class Release.</u> On the Effective Date, and in consideration of the benefits provided by this Agreement, the sufficiency of which has been determined  by the Court and is hereby acknowledged by the Parties, Plaintiff and all Settlement Class Members who have <u>not</u> opted out of the Settlement Class pursuant to the procedures set forth in Paragraph 53 shall fully and forever release, waive, acquit, and discharge FirstFleet, and each of the Released Parties from any and all claims arising out of or relating to the facts alleged in the Complaint

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

filed in the Action, including but not limited to any and all claims relating to the COBRA

Notice provided by or on behalf of FirstFleet or the Released Parties that have been asserted,

or could have been asserted, in this Action, and including any such claims for attorneys' fees,

costs, or expenses, whether such claim arises under ERISA, COBRA, or any other law relating

to ERISA or COBRA, or any state or foreign law equivalent, common law doctrine relating to

ERISA or COBRA, any rule relating to ERISA or COBRA, any regulation relating to ERISA

or COBRA or otherwise that could have been raised in this Lawsuit; provided, however, that

the potential claims of anyone who meets this Class Definition but who timely opted out of the

Settlement Class (and <u>only</u> those claims set forth in this Paragraph 48 are expressly excluded and

"carved out" from the scope of this release and shall not be deemed released by Plaintiff, or any

potential Settlement Class Members, who effectively opted out of this Agreement.

## VII.   <u>Notice and Right to Opt Out or Object.</u>

49.   <u>Notice to Settlement Class Members.</u> The Settlement Administrator shall utilize the

Court-approved short and long form of the Notice of Settlement, which forms will be the only ones

utilized by the Administrator. The Settlement Administrator shall also provide the proposed form

of the long form of notice that will be posted on the Settlement Administrator's website along with

a list of other pertinent documents which will be available to Settlement Class Members on the

Settlement Administrator's website.  Moreover, within ten (10) business days after receiving

Court-approval of the format and contents of the short and long form of the Notice of Settlement

from the Parties, the Settlement Administrator will send the Short Form Notice of Settlement to

all Settlement Class Members via first-class U.S. Mail, postage prepaid in the approved form of

envelope, if applicable. The Settlement Administrator shall also make the Long Form of notice

available on its website at the time when the Notice of Settlement is mailed to the Settlement Class

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

Members.

50.   <u>Manner of Distributing Notice.</u> For purposes of distributing the Short Form Notice of Settlement, the Settlement Administrator shall use the address information that FirstFleet provides for each Settlement Class Member in accordance with Paragraph 32 of this Agreement, subject to appropriate updating by the Settlement Administrator or Class Counsel of addresses by cross-referencing the National Change of Address Database. If any Notice of Settlement is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator will promptly re-mail the Notice to the forwarding address provided. If the Notice of Settlement is returned without a forwarding address, the Settlement Administrator or Class Counsel shall make reasonable efforts to obtain a valid address for the pertinent Settlement Class Member, and mail the Notice to the updated address.

51.   <u>Settlement Telephone Number and Talking Points.</u> Effective on the Class Notice Date, and through the expiration of the period for cashing checks, the Settlement Administrator shall establish a toll-free telephone number with an interactive voice response ("IVR") system that Settlement Class Members may call to obtain further information about the Settlement. The Settlement Administrator shall only discuss the talking points mutually agreed to by the Parties and the Settlement Fund Payor with the Settlement Class Members.

52.   <u>Settlement Website.</u> Effective on the Class Notice Date, or as soon as thereafter practicable, and through the expiration of the period for cashing checks, the Settlement Administrator or Class Counsel shall establish an active website from which Settlement Class Members can download relevant forms such as the Complaint, the Notice of Settlement, the Term Sheet, the Settlement Agreement, and ECF-filed (*i.e.,* publicly-available) copies of the pleadings in support of approval of the Settlement,

15

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

Plaintiff's motion for attorneys' fees and expenses, Plaintiff's motion for class representative service award, papers reflecting costs of administration, and the long form of notice.

53.    Right to Opt Out. Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out request"), postmarked no later than the Deadline to Opt Out or Object. Such opt-out request must state the case name and number, contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member. The opt-out request must be sent by U.S. Mail to the Settlement Administrator (at the address provided in the Notice of Settlement), and must be timely postmarked on or before the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified in Paragraph 80 below) with copies of all opt-out requests within five (5) business days after the Deadline to Opt Out or Object. Any Settlement Class Member who timely requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon. No opt-out request may be made on behalf of a group of Settlement Class Members.

54.    Objections. Any Settlement Class Member who wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court, and mail a copy of that objection with the requisite postmark to the Settlement Administrator (at the address provided in the Notice of Settlement) no later than the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified in Paragraph 80 below) with copies of all objections within five (5) business days after the Deadline to Opt Out or Object. The statement of objection must state the case name and number; specify the basis for the objection;

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel.  Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

## VIII.  Settlement Approval.

55.    Preliminary Approval Motion. As soon as practicable after the Parties execute this Agreement, FirstFleet's counsel will take the lead on preparing a draft of the Preliminary Approval Motion and will coordinate finalizing the motion with input from all Parties. The Parties agree to collaborate in good faith in the preparation and finalization of the Preliminary Approval Motion. The Preliminary Approval Motion will request that the Court (a) enter an agreed-upon Preliminary Approval Order; (b) certify the Settlement Classes #1 and #2 for Settlement purposes; (c) appoint Plaintiff as the named Class Representative and Plaintiff's counsel as Class Counsel for Settlement purposes; (d) authorize distribution of the Notice of Settlement to the Settlement Classes; (e) set a Deadline to Opt Out or Object; and (f) set a date for a Final Approval Hearing, not to occur until at least ninety (90) days after the Court's Preliminary Approval Order.  The Parties agree to file the Preliminary Approval Motion upon approval by all Parties and Released Parties on the form and content of the motion.

56.    CAFA Notices. The Settlement Administrator shall submit the notices

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

required under the Class Action Fairness Act, 28 U.S.C. § 1715, to the applicable state and federal officials within ten (10) days of the filing of the Preliminary Approval Motion.

57.     Final Approval Motion. At least fourteen (14) days before the Final Approval Hearing, or on the date set by the Court (if different), the Parties shall file a Final Approval Motion. FirstFleet's counsel shall take the lead on preparing a draft of the Final Approval Motion and Final Approval Order and will coordinate finalizing the motion and order with input from all Parties. The Parties agree to collaborate in good faith in the preparation and finalization of the Final Approval Motion and Final Approval Order. Prior to finalizing the Final Approval Motion, the Settlement Administrator shall provide Class Counsel and FirstFleet's Counsel with a report listing the names and addresses of all Settlement Class Members to whom the Settlement Administrator mailed a Notice of Settlement, and indicating which Settlement Class Members submitted a timely opt out request, if any, and which Settlement Class Members submitted a timely objection, if any (as well as copies of any such opt-outs or objections).

58.     Class Certification for Settlement Purposes Only. The Parties' Settlement is contingent upon the Court's certification of the Settlement Classes for settlement purposes. FirstFleet and the Released Parties do not contest certification of the Settlement Class for settlement purposes, but reserve the right to contest class certification if the Settlement Class is not certified or the Settlement is not approved.

59.     Right to Terminate Settlement. The Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten (10) business days after: (a) the Court's refusal to certify the Settlement Class as defined herein; (b) the Court's refusal to grant preliminary approval of the Settlement after the

18

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

Parties have attempted to re-submit the Preliminary Approval Motion at least one time addressing any issues raised by the Court as to the first Preliminary Approval Motion and/or Settlement Agreement (or if the Preliminary Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party); (c) the Court's refusal to grant final approval of the Settlement (or if the Final Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party); or (d) only if any objection(s) are timely made, and, as a result of said objection, the date upon which the Final Approval Order is reversed, or if the Final Order is materially modified in a manner unacceptable to either Party by the U.S. Court of Appeals for the Eleventh Circuit or the U.S. Supreme Court. If there are no objections, Paragraph 59(d) is inapplicable.

60.     The above notwithstanding, the Parties agree that should any of the conditions set forth in Paragraph 59 occur, the Parties will, within the above-indicated period, meet and confer in a good-faith attempt to reach agreement on a settlement of this Action.

61.     In addition, the Settlement Fund Payor shall have the right unilaterally to terminate this Agreement by providing written notice to Plaintiff's Counsel of its election to do so within ten (10) business days after the Deadline to Opt Out or Object if a total of thirty-five (35) or more putative members of the Settlement Classes request exclusion from the Settlement by submitting timely opt-out requests in accordance with Paragraph 53.

62.     <u>Termination of Settlement.</u> If the Settlement is terminated pursuant to Paragraph 59 of this Agreement, the Parties will return to the *status quo,* and the Action shall proceed as if this Settlement had never been negotiated. In particular, it is agreed by the Parties that:

(a)     the Settlement proposed herein shall be of no further force and effect;

(b)     the agreements and definitions in this Settlement Agreement concerning the

19

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

certification of the Settlement Class will not  be used as evidence  or argument to support class certification or the definition of any class in any further litigation, and FirstFleet will retain all rights to oppose the certification of any class in any further litigation; and with the exception of Paragraph 68, which shall survive the termination of the Settlement, this Settlement Agreement and all negotiations, proceedings and statements relating thereto, and any amendment thereof, shall be null and void and shall be without prejudice to the Parties or the Released Parties, and each Party and Released Party shall be restored to his, her or its respective  position as it existed prior to the execution of this Settlement Agreement.

63.    Settlement Modification. The Parties may agree by written stipulation of counsel to reasonable modifications of the timetables set forth in this Agreement or to modifications of the exhibits to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court, without the need to formally amend this Agreement.

64.    Dismissal with Prejudice:  Within five (5) days after the Effective Date, Plaintiff and FirstFleet agree that they will jointly stipulate to the dismissal with prejudice of the Litigation.  Plaintiff and FirstFleet agree they will request that the Court retain jurisdiction to enforce the Settlement Agreement.

**IX.    Other Provisions.**

65.    No Press Release or Publicity. The Parties agree that they will not issue any press release(s) or other public statement(s) regarding the fact of or discussing the terms set

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

forth in this Settlement Agreement (or the Term Sheet). The Parties agree that any communications regarding the distribution of the Gross Settlement shall be approved in advance by FirstFleet and relevant Released Parties.

66.     <u>Confidentiality</u>. The Parties, and the Released Parties, agree to and shall maintain in confidence the individual contributions made to the Gross Settlement by the Settlement Fund Payor members.

67.     <u>Mediation; Dispute Resolution.</u> In the event that the Parties disagree upon the terms of this Settlement Agreement or as to any matter concerning the administration of this Class Action Settlement, the Parties and the relevant Released Parties agree to use their best efforts to amicably resolve the dispute and to participate in mediation before an agreed upon mediator prior to seeking relief from the Court.

68.     <u>No Admission of Liability.</u> The provisions contained in this Settlement Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession or an admission by FirstFleet or the Released Parties of any fault, liability or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in this Action or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Settlement Agreement. FirstFleet and the Released Parties have denied and continue to deny each and every claim alleged in the Action. Accordingly, neither this Settlement Agreement, the Term Sheet, the settlement itself, any act performed nor document executed pursuant to or in furtherance of this Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

invalidity of any claim alleged in the Action, or of any wrongdoing or liability or lack thereof by FirstFleet or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any of FirstFleet or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   It is agreed that FirstFleet and the Released Parties may offer or introduce as evidence, or file with a court, administrative agency, or other tribunal, the Settlement Agreement or the Final Approval Order, as entered, with respect to any claims or actions that may be brought against them in order to support a defense based on principles of res judicata, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar or reduction or any other similar defense. The Parties and their counsel, and each of them, further agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information exchanged in the Action shall survive and be unaffected by this Settlement Agreement.

69.   <u>No Waiver.</u> A Party's failure to exercise any rights under this Agreement shall not constitute waiver of that party's right to exercise those rights later. No delay by any Party in exercising any power or right under this Agreement will operate as a waiver  of that power  or right, nor will any partial exercise of any power or right under this Agreement preclude other or further exercises of that or any other power or right. The waiver by one Party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

70.   <u>Authority.</u> The signatories below represent that they are fully authorized to enter into this Agreement.  All class members who do not opt out are bound by the signature of the Plaintiff as to any settlement and/or judgment.

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

71.   <u>Best Reasonable Efforts and Mutual Full Cooperation.</u> The Parties agree to fully cooperate with one another to accomplish the terms of this Agreement, including, but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary as ordered by the Court, or otherwise, to effectuate this Agreement and to secure the Court's approval of the Settlement.

72.   <u>Communications with Settlement Class Members.</u> The Parties and their respective counsel shall not discourage any Settlement Class Member from participating in this Settlement or lobby or encourage any Settlement Class Member to opt out of the Settlement or object to the Settlement.

73.   <u>Binding Effect on Successors and Assigns.</u> This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

74.   <u>Construction.</u> The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms'-length negotiations between the Parties, and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or party's counsel participated in the drafting of this Agreement.

75.   <u>Entire Agreement.</u> This Settlement Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior negotiations, communications, and agreements between the Parties, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties: (a) acknowledge that it is their

23

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Agreement and to exercise their commercially reasonable best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of, the subject matter of the Action. Accordingly, the Parties agree that the terms of the Settlement Agreement represent a good-faith settlement, reached voluntarily based upon adequate information and after consultation with experienced counsel. The Parties also agree Plaintiff's attorneys' fees and costs were not discussed until all other terms were reached.

76. <u>Governing Law</u>. This Settlement Agreement shall be governed by the laws of the State of Florida without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

77. <u>Venue.</u> The Parties hereby agree that any action brought upon the enforcement of this Agreement shall be commenced or filed in the United States District Court for the Middle District of Florida, Tampa Division.

78. <u>Extensions.</u> The Parties may agree, in writing, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Settlement Agreement.

79. <u>Effect of Captions and Headings.</u> Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference purposes only, and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital.

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

80.   <u>Notices.</u> Unless otherwise specifically provided in this Agreement, any notices or communications to the Parties relating to this Settlement should be sent to their respective counsel in writing, and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested or as of the date of delivery confirmation by Federal Express, United Parcel Service or equivalent express carrier, as follows:

**Plaintiff's Counsel:**

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL 33602

Felipe B. Fulgencio, Esq.
Fulgencio Law, P.L.L.C
205 N. Armenia Ave.
Tampa, FL 33609

**Defendant's Counsel:**

Sherril Colombo, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131

Stefanie Mederos, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131

**Released Parties:**

Michael S. Vitale, Esq.
Baker & Hostetler, LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432

25

4830-0423-3864.1

81.    Counterparts. This Agreement may be executed in one or more counterparts. All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

82.    Class Signatories. The Parties agree that because the Settlement Class Members are so numerous, it is impossible and impracticable to have each Settlement Class Member execute this Agreement. Therefore, the Notice will advise all Settlement Class Members of the binding nature of the release and will have the same force and effect as if executed by each Class Member.

83.    No Assignment. Plaintiff represents and warrants that he has not assigned, transferred, or otherwise disposed of the claims released herein.

84.    Non-Disparagement. The Parties and their counsel shall make no statements to the press, issue no press release, nor make any other public statements describing this Settlement that disparage any Party and/or accuse any Party of wrongdoing.

85.    Authority of Court. The administration and implementation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Release contained in the Agreement. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

86.    No Additional Obligations. There are no additional obligations on the

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

Settlement Fund Payor to provide any consideration or information other than the obligations contained in this Settlement Agreement, the exhibits expressly incorporated therein, and any other written, executed agreement concerning the settlement of this Lawsuit.

**X.**     **Execution.** The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on Effective Date, as defined in this Agreement, and provided that it has been executed by all Parties.


02/22/2019
_____
DATE

*Christopher Carnegie*
_____
CHRISTOPHER CARNEGIE


02/22/2019
_____
DATE

*John Hellige*
_____
FIRSTFLEET, INC. OF TENNESSEE

4830-0423-3864.1

Doc ID: 1eb4842dfa5ed78bd1a08d477929d5b672d22fab

# ▽ HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | Class Action Settlement Agreement |
| **FILE NAME** | Class Action Settlement Agreement.pdf |
| **DOCUMENT ID** | 1eb4842dfa5ed78bd1a08d477929d5b672d22fab |
| **STATUS** | ◈ Completed |

## Document History

| | | |
|---|---|---|
| ⟳ SENT | **02/22/2019** 11:00:21 UTC-5 | Sent for signature to Christopher Carnegie (christophercarnegie@aol.com) from twells@wfclaw.com IP: 107.144.91.26 |
| ◉ VIEWED | **02/22/2019** 11:09:01 UTC-5 | Viewed by Christopher Carnegie (christophercarnegie@aol.com) IP: 72.184.56.236 |
| ⤵ SIGNED | **02/22/2019** 11:11:11 UTC-5 | Signed by Christopher Carnegie (christophercarnegie@aol.com) IP: 72.184.56.236 |
| ⊘ COMPLETED | **02/22/2019** 11:11:11 UTC-5 | The document has been completed. |