# EXHIBIT C

PRSRT FIRST CLASS
U.S. POSTAGE
PAID
MAILED FROM
ZIP CODE 32216
PERMIT NO 584

Carnegie v. First Fleet of Tennessee
c/o Claims Administrator
PO Box 23369
Jacksonville, FL 32241-3369

**COURT ORDERED NOTICE**

*Carnegie et. al,*

*v*

*First Fleet of Tennessee*

Class Action Notice

\*8131–ΦX–008638\*

Postal Service: Please do not mark barcode
<<noticeid>> – <<keyline>>

1 * 1
<<fname>> <<lname>>
<<businessname>>
<<addrline1>>
<<addrcity>> <<addrstate>> <<addrzip>>

*(Continued below)*

A settlement has been reached in a class action lawsuit claiming First Fleet of Tennessee's ("Defendant" or "FirstFleet") COBRA Notice was deficient in certain respects.  In summary, Plaintiff alleges that FirstFleet provided him and other class members with a COBRA Notice that did not adequately inform class members how to exercise their right to elect COBRA coverage.  FirstFleet vigorously denies that it violated any law or regulation, but has agreed to the settlement to avoid the uncertainties and expenses of continuing the case.  The total Settlement Fund will be in the sum of $386,000.00.  There are approximately 2,078 potential Settlement Class Members.

**Am I a Class Member?** Defendant's records indicate you are a member of either, or both, of the classes that are defined as follows:

"All participants and beneficiaries in the Defendant's Health Plan in the United States who were sent a COBRA notice by Defendant in the form attached as Exhibit B, between October 29, 2013 to September 21, 2017, as a result of a qualifying event, as determined by Defendant, who did not elect continuation coverage.'

Class #1
"All participants and beneficiaries in the Defendant's Health Plan in the United States who were entitled to be provided notice of their COBRA rights due to a qualifying event pursuant to 29 U.S.C. 1163(a)(1)(2) and (4) and who were not provided a COBRA notice in the timeframe mandated by 29 U.S.C. 1166, between October 29, 2013 to May 2, 2018 or the date of receipt by the subject participants and beneficiaries, whichever is later."

Class #2
"All persons who were sent a COBRA Notice or should have been sent a COBRA Notice by or on behalf of C&W at any time from February 1, 2015 through December 31, 2016, excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement."

**What Will the Settlement Mean for Me?** If the Court approves the settlement you will receive a payment by check.  The Settlement Fund will be divided equally on a pro rata basis among all Settlement Class Members who do not opt out of the settlement.  The gross amount payable to each Settlement Class Member (assuming all 2,078 potential members participate) will be $185.75.  However, certain deductions will be made from the Settlement Fund, as approved by the Court, for Class Counsel's attorneys' fees, and costs, a service award to the Class Representative, and costs of settlement administration.  If the Court awards the amount sought for these awards and expenses, the net amount payable to each class member will be reduced to approximately $100.00.

*(Continued on reverse side.)*

**What Do I Need to Do to Receive a Payment?** To receive a settlement payment, you do not need to do anything. You will receive your pro-rata portion of the net Settlement Fund provided you do not opt-out of the Settlement, as described in further detail below.

**Who Represents Me?** The Court appointed lawyers Luis A. Cabassa and Brandon J. Hill from Wenzel Fenton Cabassa, P.A. and Fulgencio Law, P.L.L.C to represent the Settlement Class. As Class Counsel, they will seek to be paid legal fees out of the Settlement Fund as described above. They will also seek a service award of $10,000.00 for the Named Plaintiff who brought this case. You may hire and pay for a lawyer at your own expense if you do not wish to be represented by Class Counsel.

**What If I Don't Like the Settlement?** You may exclude yourself from participating in the Settlement or object to its terms. To exclude yourself ("opt out") and keep any rights you may have against Defendant concerning the COBRA Notice at issue in this lawsuit, you must specifically state in writing that you want to opt out of the Settlement and send your written notice to the Settlement Administrator by [DATE]. If you do not opt out of the Settlement, you may object to the terms of the proposed Settlement by filing a written objection with the Court by [DATE].

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing on [date] at the United States District Court for the Middle District of Florida, U.S. Federal Building and Courthouse, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602 in Courtroom [____] on [DATE] at [TIME].

**How May I Get More Information?** For more information, contact the Settlement Administrator, _____, at [NUMBER FOR ADMIN HERE] via e-mail at [EMAIL FOR ADMIN HERE] or visit [INSERT WEBSITE FOR ADMIN HERE].

---

*Please use this section to update your address*

<<noticeid>>   <<keyline>>

NAME _____

ADDRESS _____

CITY, STATE, ZIP _____

*PLACE STAMP HERE*

Carnegie v First Fleet of Tennessee
c/o Claims Administrator
PO Box 23369
Jacksonville, FL 32241-3369

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER CARNEGIE, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

FIRST FLEET, INC. OF TENNESSEE
d/b/a FIRST FLEET, INC.

    FirstFleet.
_____/

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING

A court authorized this Notice.  This is not a solicitation from a lawyer.

This **Notice of Proposed Class Action Settlement and Hearing** provides important information regarding your right to participate in or to opt out of a proposed settlement in a class action lawsuit. Plaintiff, Christopher Carnegie ("Plaintiff"), filed a lawsuit against Defendant First Fleet, Inc. of Tennessee ("Defendant" or "FirstFleet") in which he alleges that the COBRA Notice he received from or on behalf of FirstFleet was deficient because it failed to (i) include an explanation of the maximum period for which coverage would be available and the coverage termination date; (ii) include an address for payment of premiums and (iii) identify the Plan Administrator.  Plaintiff also alleges that he received his COBRA Notice untimely after a qualifying event.  That case is pending in the U.S. District Court, Middle District of Florida (Tampa Division).  As summary of the claims asserted in the lawsuit and the proposed settlement follows.

- The notice at issue is referred to as a "COBRA" Notice and the continuation of health insurance coverage after separation of employment is called "COBRA continuation coverage," after the Consolidated Omnibus Budget Reconciliation Act of 1985. That Act requires an employer to send a COBRA notice to employees within 44 days after the end of a person's employment. The COBRA notice is designed to provide former employees who were covered under employer sponsored group healthcare plans with information and details regarding their right to continue their healthcare coverage and the terms and conditions of that COBRA continuation coverage. 29 U.S.C. §1166(a) (2), (a)(4), (c).

- Plaintiff alleged in his complaint that the COBRA Notice provided to him by or on behalf of FirstFleet was deficient under the COBRA regulations because the Notice did not include (i) the date certain on which COBRA continuation coverage would end eighteen (18) months after initiation of coverage, if elected, (ii) an address for payment of premiums; (iii) the name of the Plan Administrator.  Plaintiff also claims that the COBRA Notice he received was not received within 44 days after the end of his employment.

1

- Defendant denies that its COBRA Notice was deficient and denies that it has any liability to Plaintiff whatsoever. The parties have, however, agreed to resolve the lawsuit through a Court-supervised settlement.

- Plaintiff proposes to settle this dispute on behalf of himself and all other former employees who received the same COBRA Notice because they participated in the group healthcare plans sponsored by FirstFleet. Plaintiff also proposes to settle this dispute on behalf of himself and all other employees who received an untimely COBRA notice during the relevant time period. The class definitions are described below as Class #1 and Class #2. Both Class #1 and Class #2, when used collectively, are referred to as the "Settlement Class". The class definitions are as follows:

    Class #1: The Untimely COBRA Notice Class:

    All participants and beneficiaries in the Defendant's Health Plan in the United States who were entitled to be provided notice of their COBRA rights due to a qualifying event pursuant to 29 U.S.C. 1163(a)(1)(2) and (4) and who were not provided a COBRA notice in the timeframe mandated by 29 U.S.C. 1166, between October 29, 2013 to May 2, 2018 or the date of receipt by the subject participants and beneficiaries, whichever is later.

    Class #2: The Deficient COBRA Notice Class:

    All participants and beneficiaries in the Defendant's Health Plan in the United States who were sent a COBRA notice by Defendant in the form attached as Exhibit A, between October 29, 2013 to September 21, 2017, as a result of a qualifying event, as determined by Defendant, who did not elect continuation coverage.

- Membership in the Settlement Class will be determined based upon Defendant's records reflecting who received the specific COBRA Notice at issue and the particular timing as to the issuance of the COBRA Notice. It is estimated that the Settlement Class is comprised of 2,078 potential members.

- You received notice of this settlement by mail which directed you to this website because Defendant's records indicate that you are eligible to receive benefits from this class action settlement.

- Your rights and options—and the deadlines to exercise them—are explained in this Notice. Here is a brief summary of your rights and options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **Do Nothing** | If you do nothing and the Court approves this settlement, you will receive a settlement payment. As a member of the Settlement Class, you will release Defendant from any potential liability regarding the COBRA notice and the issues raised in this lawsuit. |
| **Ask to be Excluded by [DATE]** | If you do not want to be included in the case and the settlement, you must take action to exclude yourself. This is called "opting out." To |

|  | opt out, you must state in writing that you have elected to opt out of the case and the settlement, and send your written notice to the Settlement Administrator by [date].  If you elect to opt out, you may pursue your own action against Defendant for the claims raised in this case if you choose to do so. |
|---|---|
| **Object by [DATE]** | You may write to the Court about why you don't like the settlement, if you object to any of its terms. You may not file an objection if you opt out of the settlement. |
| **Go to a Hearing on DATE** | If you wish to be heard, you may attend the Final Approval Hearing and ask to speak in Court about the fairness of the settlement.  If you opt out, you may not present your opinions regarding the settlement at the Final Approval Hearing. |

**The Court still has to decide whether to approve this settlement, which may take some time, as explained below**.

## TABLE OF CONTENTS

Basic Information ........................................................................................................................................5
    1.    Why did I receive a notice? ...............................................................................................5
    2.    What is the lawsuit about?..................................................................................................5
    3.    Why is this case a class action? .........................................................................................6
    4.    Why is there a settlement?.................................................................................................6
Who Is Included In The Settlement ............................................................................................................7
    5.    How do I know if I am part of the settlement? ..................................................................7
The Settlement Benefits—What You May Receive ...................................................................................7
    6.    What does the settlement provide?.....................................................................................7
    7.    How do I receive a benefit from the Settlement? ..............................................................7
    8.    When would I receive my benefit?....................................................................................7
    9.    What am I giving up to receive a benefit or stay in the class?...........................................8
    10.    Do I have to participate in the Settlement? .......................................................................8
    11.    If I don't exclude myself, can I sue Defendant for the same thing later?.........................8
    12.    If I exclude myself, will I receive any benefits from this settlement?.............................8
The Lawyers Representing the Settlement Class.......................................................................................9
    13.    Will I have a lawyer in this case?.......................................................................................9
    14.    How will Class Counsel be paid?.......................................................................................9
Objecting to the Settlement ........................................................................................................................9
    15.    How do I tell the Court that I don't like the settlement? ..................................................9
    16.    Is there a difference between objecting and opting out? ...............................................10
    17.    Where and when will the Court decide whether to approve the settlement?...............10
    18.    Do I have to come to the hearing?....................................................................................11
    19.    May I speak at the hearing?...............................................................................................11

Getting More Information ................................................................................................................................. 11

    20.    Are there more details about the settlement? ........................................................................................ 11

    21.    How May I get more information? ......................................................................................................... 11

| **Basic Information** |
|---|

**1.     Why did I receive a notice?**

You were sent notice by mail of this proposed settlement because you are a potential member of either Class #1 or Class #2, or both, which includes:

**Class #1: The Untimely COBRA Notice Class:**

**All participants and beneficiaries in the Defendant's Health Plan in the United States who were entitled to be provided notice of their COBRA rights due to a qualifying event pursuant to 29 U.S.C. 1163(a)(1)(2) and (4) and who were not provided a COBRA notice in the timeframe mandated by 29 U.S.C. 1166, between October 29, 2013 to May 2, 2018 or the date of receipt by the subject participants and beneficiaries, whichever is later.**

**Class #2:  The Deficient COBRA Notice Class:**

**All participants and beneficiaries in the Defendant's Health Plan in the United States who were sent a COBRA notice by Defendant in the form attached as Exhibit A, between October 29, 2013 to September 21, 2017, as a result of a qualifying event, as determined by Defendant, who did not elect continuation coverage.**

Composition of the Settlement Class is based upon Defendant's records. The Notice of Settlement you received by mail directed you to the Settlement Administrator's website which provides additional information regarding this settlement, including this more detailed Notice of Proposed Class Action Settlement and Hearing.  You as a potential member of the Settlement Class have a right to know about the proposed settlement of this case as a class action and about your options to participate as a Settlement Class Member, your ability to object to the settlement terms as a class member, or to opt out of the settlement, before the Court decides whether to grant final approval of the settlement.  If the Court approves the settlement, and after all objections or appeals relating to that settlement are resolved, the benefits provided for by the settlement will be available to all Settlement Class Members who have not elected to opt out.

This Notice explains the lawsuit, the proposed settlement, your legal rights, the settlement benefits and who will be eligible to receive a benefit from the settlement fund, and the basis upon which benefits will be paid.  A copy of the Settlement Agreement is available to Settlement Class Members on this website.

**2.     What is the lawsuit about?**

Plaintiff, on behalf of himself and the putative class identified above, filed this putative class action against Defendant for allegedly providing a defective COBRA notice to him and others. As set forth in the Complaint, Defendant was the plan sponsor of a group Health Plan ("Plan") in which Plaintiff participated during his employment.  Upon Plaintiff's separation of employment, Defendant provided a COBRA Notice to Plaintiff which Plaintiff asserts is deficient for, among

5

other things, its failure to (i) include an explanation of the maximum period for which coverage would be available and the coverage termination date; (ii) include an address for payment of premiums and (iii) identify the Plan Administrator. Due to these alleged deficiencies, Plaintiff alleges that Defendant failed to provide participants and beneficiaries in the Plan with adequate notice of their right to elect continuation coverage, as required by COBRA. Moreover, Plaintiff claims that the COBRA Notice was issued untimely to him and certain members of the putative class.

Defendant disputes the Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Class. In the lawsuit, Defendant denied Plaintiff's allegations and raised a number of defenses to the claims asserted.

Although the Court has authorized this Notice of Proposed Class Action Settlement, the Court has not determined or ruled upon the merits of the claims or defenses asserted by either side in the lawsuit. The Court has not found Defendant violated the law in any way. The Court has not found that the Plaintiff would prevail in this case. The Court has not made any determination that Plaintiff will recover any damages in this litigation.

### 3.     Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. In a class action, as here, the Plaintiff ("Class Representative") seeks to assert claims on behalf of himself and all members of a class of similarly situated individuals who received the same allegedly deficient COBRA notice. In a class action, individuals with similar claims are treated alike. The Court will supervise the prosecution of the class claims by Counsel for the Settlement Class to assure that all members of the settlement class are adequately and fairly represented. Settlement Class Members are not individually responsible for the costs or fees of Class Counsel, which are subject to court award and which will be paid out of the Settlement Fund.

### 4.     Why is there a settlement?

The Court has not decided the merits of this case in favor of the Class Representative or in favor of Defendant. Instead, Counsel for the Settlement Class investigated the facts and applicable law regarding the Class Representative's claims and Defendant's defenses. The parties engaged in lengthy and arm's-length negotiations to reach this settlement. The Class Representative and Counsel for the Settlement Class believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

Both sides agree that, by settling, Defendant is not admitting any liability or that Defendant did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

| **Who Is Included In The Settlement** |
|---|

**5.     How do I know if I am part of the settlement?**

You are included in the settlement if you fit the definition set forth in Paragraph 1. If you received a notice of settlement in the mail, Defendant's records indicate you are a member of the Settlement Class. If you are not certain as to whether you are or should be a member of the Settlement Class, you may contact the Settlement Administrator to find out. In all cases, the question of settlement class membership will be determined based on Defendant's records.

| **The Settlement Benefits—What You May Receive** |
|---|

**6.     What does the settlement provide?**

If you are a member of the Settlement Class, you are eligible to receive a benefit under the settlement. Defendant and its outsourced third party COBRA administrator, collectively, have agreed to pay a total of $386,000 into a Settlement Fund. The Settlement Fund will be divided equally on a pro rata basis among all Settlement Class Members who do not opt out of the settlement. The gross amount payable to each Settlement Class Member (assuming all 2,078 potential members participate) will be $185.75. However, certain deductions will be made from the Settlement Fund, as approved by the Court, for Class Counsel's attorneys' fees and costs, a service award to the Class Representative, and costs of settlement administration. If the Court awards the amount sought for these awards and expenses, the net amount payable to each class member will be reduced to approximately $100.00.

If any funds remain in the settlement account after all checks have been distributed to Settlement Class Members and the 60-day period for cashing the settlement checks has expired, and after all attorneys' fees, expenses and administrative costs have been paid, the remaining unclaimed funds will constitute a "*cy pres*" fund and will be paid to a non-profit beneficiary, upon the Court's approval. The parties have proposed to award the *cy pres* fund to Bay Area Legal Services, Inc., a non-profit corporation dedicated to providing free civil legal services to qualified and low-income residents and nonprofits throughout the Tampa Bay area.

**7.     How do I receive a benefit from the Settlement?**

To receive your settlement payment, you do not have to do anything. Your interest in this matter will be represented by the Plaintiff as Class Representative and Class Counsel. As a Settlement Class Member, you will be bound by the terms of the Settlement Agreement and any judgment arising from the settlement. If the Court approves the settlement at or after the Final Approval Hearing, you will automatically receive a settlement check for your share of the funds remaining in the Settlement Fund after deduction for Court-approved awards and expenses.

**8.     When would I receive my benefit?**

The Court will hold a Final Approval Hearing on _____ at _____ a.m. at the United States District Court for the Middle District of Florida, U.S. Federal Building and Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, Courtroom ____, to decide

7

whether to approve the settlement. If the Court approves the settlement, there may be appeals or objections that must be resolved before the settlement will become effective. Settlement payments to members of the Settlement Class will be made only if the settlement is finally approved by the Court and only after all appeals or objections are resolved. This may take some time, so please be patient. You may check on the status of this approval process by visiting this website.

### 9. What am I giving up to receive a benefit or stay in the class?

Upon the Court's approval of the settlement, all members of the Settlement Class who do not exclude themselves (as well as spouses, heirs, and others who may possess rights on their behalf) will fully release Defendant, its then-third party healthcare provider and its outsourced third party COBRA administrator (and each of their affiliates, subsidiaries, employees, and others who may be subject to claims with respect to each of them as specified in the Settlement Agreement) for all claims, including claims for statutory damages and actual damages, arising out of or relating directly or indirectly in any manner whatsoever to the facts alleged or which could have been alleged or asserted in this case. This release may affect your rights, and may carry obligations, in the future.

### 10. Do I have to participate in the Settlement?

No. You may choose to be excluded from the Settlement and you will not be bound by the Settlement Agreement or any judgment or other final disposition of the lawsuit. You will retain any claims you may have against Defendant. To request exclusion, you must state in writing your desire to opt out and to be excluded from the Settlement Class. **Your request to opt out which will exclude you from the Settlement must be sent by first class mail, postmarked on or before sixty (60) days after the postmarked date on the Notice that was sent to you by mail. You must send your written opt out notice to**:

[Name of Settlement Administrator]
[address]

**If your written opt out request is not postmarked on or before sixty (60) days after the postmarked date on the notice of settlement sent to you by mail, your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court, including without limitation, the terms of the Settlement Agreement and the judgment ultimately rendered in the case, and you will be barred from bringing any claims against Defendant which arise out of or relate in any way to the claims in the case as specified in the Release referenced in Paragraph 9 above.

### 11. If I don't exclude myself, can I sue Defendant for the same thing later?

No. If you do not opt out of the settlement, you will give up any right to sue Defendant for the claims that this settlement resolves regarding the COBRA notice you received.

### 12. If I exclude myself, will I receive any benefits from this settlement?

No. If you opt out and thereby exclude yourself, you are not part of the settlement.

**The Lawyers Representing the Settlement Class**

**13.     Will I have a lawyer in this case?**

The Court has appointed Christopher Carnegie as the Class Representative. The Court has appointed Wenzel Fenton Cabassa, P.A., and as Counsel for the Settlement Class. Class Counsel's contact information is as follows:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, FL 33602
(813) 224-0431
lcabassa@wfclaw.com
bhill@wfclaw.com

Felipe B. Fulgencio, Esq.
Fulgencio Law, P.L.L.C
205 N. Armenia Ave.
Tampa, FL 33609

Counsel for the Settlement Class represent the interests of all of the Settlement Class Members. You may hire your own attorney to advise you regarding this matter and the proposed settlement, but if you hire your own attorney, you will be responsible for paying that attorney's fees and costs.

**14.     How will Class Counsel be paid?**

Class Counsel will apply to the Court for an award of attorneys' fees, in an amount not to exceed one-third (33.33%) of the Settlement Fund. Class Counsel also will seek compensation for their out-of-pocket expenses and a service award not to exceed $10,000 as compensation for Plaintiff for performing the duties of the Class Representative. The Court may award less. Costs of administration incurred by the Settlement Administrator will also be paid from the Settlement Fund. The amounts approved by the Court for these awards and expenses will be paid directly from the Settlement Fund, and not by you or the other Settlement Class Members.

**Objecting to the Settlement**

**15.     How do I tell the Court that I don't like the settlement?**

You may object to any aspect of the proposed settlement by filing and serving a written objection. Your written objection must include: (1) your name, address, telephone number, email address and signature; (2) a detailed statement of the specific factual and legal basis for the objection(s) being asserted; (3) a notice of your intent to appear at the Final Approval Hearing on [DATE] at [TIME], if you intend to appear; (4) a detailed description of any and all evidence, including copies of any exhibits, which you may offer at the Final Approval Hearing, and (5) must identify this case by the names of the parties (as set forth on the first page of this notice) and case number: CASE NO.

9

CASE NO. 8:18-CV-01070-CEH-CPT.

**You must file any objection with the Clerk of the Court at the address below within sixty (60) days of the postmarked date on the notice of settlement that you received by mail:**

United States District Court
Middle District of Florida
U.S. Federal Building and Courthouse
801 North Florida Avenue, Tampa, FL 33602.

**You must also send your objection by first class mail, postmarked on or before sixty (60) days of the postmarked date on the notice of settlement that you received by mail**, to Counsel for the Settlement Class and counsel for Defendant.  These documents should be mailed to Class Counsel and Defendant's Counsel as follows:

To Settlement Class Counsel:  Luis A. Cabassa, Esq. and Brandon J. Hill, Esq., Wenzel Fenton Cabassa, P.A., and Felipe B. Fulgencio, Esq., Fulgencio Law, P.L.L.C at the addresses set forth above in Paragraph 13.

To Defendant's Counsel:

Sherril Colombo, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131

Stefanie Mederos, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

**16.     Is there a difference between objecting and opting out?**

Yes.  By objecting, you are simply telling the Court that you don't like something about the Settlement but you are agreeing to be bound by the Settlement as approved by the Court.  You may object only if you stay in the Settlement Class.  If you elect to opt out of the Settlement Class, you are telling the Court that you do not want to be part of the Settlement.  If you opt out and thereby exclude yourself from the settlement, you will have no basis to object because the lawsuit and settlement no longer affect you or any potential claims you may have.

**17.     Where and when will the Court decide whether to approve the settlement?**

There will be a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of

10

the proposed settlement on _____ at _____ a.m. at the United States District Court, Middle District of Florida, U.S. Federal Building and Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, Courtroom ___. The hearing may be postponed to a later date so you should visit this website for updates prior to the hearing date set forth above. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and final judgment should be entered approving the proposed settlement. The Court also will consider Settlement Class Counsel's application for an award of attorneys' fees and expenses, and Class Representative's request for a service award.

You will be represented at the Final Approval Hearing by Class Counsel, unless you choose to enter an appearance in person or through your own attorney. The appearance of your own attorney is not necessary to participate in the Final Approval Hearing. Again, should you choose to engage your own attorney, it will be at your own expense.

### 18. Do I have to come to the hearing?

No. The Class Representative and Class Counsel will represent the Settlement Class Members at the Final Approval Hearing, but you are welcome to attend the hearing at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own attorney to attend, if you wish.

### 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.

**Getting More Information**

### 20. Are there more details about the settlement?

For a more details regarding the lawsuit or the settlement, you may refer to the papers filed in this case during regular business hours at the Clerk of the Court's office, United States District Court, Middle District of Florida, U.S. Federal Building and Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, Clerk's office, File: *Carnegie v. First Fleet, Inc. of Tennessee,* pending as Case No. 8:18-cv-01070-CEH-CPT. You may also access papers filed in this case on-line through the Public Access to Court Electronic Records ("PACER") service at www.pacer.gov; however, you may need to create an account and certain fees may apply. You may also obtain a copy of the full Settlement Agreement and certain papers filed in this case by sending a written request to the Settlement Administrator, at the address in Paragraph 10, above. You may also access the full Settlement Agreement and certain pleadings filed in this case on this website.

### 21. How May I get more information?

You may contact:

- the Settlement Administrator, identified in Paragraph 10 above; or,

11

- Class Counsel, Luis Cabassa, Brandon Hill or Felipe Fulgencio, identified in Paragraph 13 above; or,

- Defendant's counsel, Sherril Colombo or Stefanie Mederos, identified in Paragraph 15 above.