UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-CV-01070-T-02CPT

CHRISTOPHER CARNEGIE, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

FIRST FLEET, INC. OF TENNESSEE
d/b/a FIRST FLEET, INC.

    FirstFleet.

_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on the Parties Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 53). The Court has carefully considered the Motion, the proposed Class Action Settlement Agreement and Release ("Settlement Agreement"), the proposed Notices of Settlement, and the declarations submitted in support of the Motion. Being fully advised in the premises of the proposed Class Action Settlement Agreement, the Court now finds and hereby **GRANTS** the Motion (Doc. 53). and **ORDERS** as follows:

    1.    All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court (Doc. 53).

    2.    In this Action, Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

3. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

4. The Court preliminarily approves the Settlement and the terms set forth in the Settlement Agreement, subject to further consideration at the Final Approval Hearing after members of the Settlement Classes have had an opportunity to consider the Settlement Agreement and elect to participate in the Settlement, or to opt-out of or object to the Settlement.

5. Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Classes:

**Class #1: The Untimely COBRA Notice Class:**
All participants and beneficiaries in the Defendant's Health Plan in the United States who were entitled to be provided notice of their COBRA rights due to a qualifying event pursuant to 29 U.S.C. 1163(a)(1)(2) and (4) and who were not provided a COBRA notice in the timeframe mandated by 29 U.S.C. 1166, between October 29, 2013 to May 2, 2018 or the date of receipt by the subject participants and beneficiaries, whichever is later.

**Class #2: The Deficient COBRA Notice Class:**
All participants and beneficiaries in the Defendant's Health Plan in the United States who were sent a COBRA notice by Defendant in the form attached as Exhibit A, between October 29, 2013 to September 21, 2017, as a result of a qualifying event, as determined by Defendant, who did not elect continuation coverage.

6. The Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). Class #1 consists of approximately 2,018 persons, while Class #2 consists of 60 individuals (who are also members of Class #1). Thus, both classes are sufficiently numerous and joinder of all potential class members is impractical. There are questions of law and fact common to the Settlement Classes with respect to the sufficiency of the COBRA notice, and its timing as to Class #2, that the potential class members received. In that regard, Plaintiff's claims are typical of the claims of the Settlement Classes.

2

Finally, Plaintiff and his counsel have fairly and adequately represented the interests of the Settlement Classes.

7. The Court further finds that the Settlement Classes meet the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). Common issues predominate over any individualized issues, and the resolution and settlement of this action as a class action is superior to alternative methods of adjudicating the claims of the members of the Settlement Classes.

8. Wenzel, Fenton, Cabassa, P.A., and Fulgencio Law, PLLC, are hereby appointed as Class Counsel for the Settlement Class.

9. Plaintiff, Christopher Carnegie, is hereby appointed Class Representative for the Settlement Classes.

10. The Court finds on a preliminary basis that the terms of the Settlement (including the monetary relief, prospective relief, and release of claims) are fair, reasonable, and adequate. See Fed. R. Civ. P. 23(e). The Court further finds that the Settlement is the result of arm's-length negotiations following contested litigation. The Court's conclusion that the Settlement was fairly negotiated at arm's length is buttressed by the fact that the Settlement was reached at mediation with the assistance of Carlos J. Burruezo, an experienced and impartial mediator. The Court therefore grants preliminary approval of the Settlement.

11. The Court finds and concludes that the Notices of Settlement, both the short form postcard notice which will be mailed to Settlement Class Members, and the long form notice which will be made available on the Settlement Administrator's website, and the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class, satisfies the notice requirements of Rule 23, adequately advises Settlement Class Members of

their rights under the Settlement Agreement, and meets the requirements of due process. The Notices of Settlement fairly, plainly, accurately, and reasonably provide Settlement Class Members with all required information, including (among other things): (1) a summary of the lawsuit; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) a disclosure of the release of claims should they choose to remain in the Settlement Class; (5) an explanation of Settlement Class Members' opt-out rights, a date by which Settlement Class Members must opt out, and information regarding how to do so; (6) instructions as to how to object to the Settlement and a date by which Settlement Class Members must object; (7) the date, time, and location of the Final Approval Hearing; (8) contact information for the Settlement Administrator; (9) the website address for the Settlement website and the toll-free telephone number that Settlement Class Members may call for further information; and (10) the amount that Class Counsel may seek in attorneys' fees and expenses, as well as the proposed Class Representative service award and costs of administration. The proposed plan for mailing the Short Form Postcard Notice of Settlement by U.S. First Class Mail to the members of the Settlement Class is an appropriate method, reasonably designed to reach those individuals who would be bound by the Settlement. The Short Form Postcard Notice will direct the Settlement Class Members to the Settlement website which will then provide access to additional information, including the long form of Notice. Accordingly, the Court approves the Notices of Settlement, and the manner of distributing the Notices of Settlement to the Settlement Class.

12. Any Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out request"), postmarked no later than 60 days after the Class Notice Date. Such opt-out request

must state the case name and number, contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member. The opt-out request must be sent by mail to the Settlement Administrator, and must be timely postmarked no later than 60 days after the Class Notice Date. Any Settlement Class Member who timely submits an opt-out request will be excluded from the Settlement, will not be entitled to any Settlement Payment, and will not be bound by this Settlement or have any right to object, appeal, or comment thereon. No opt-out request may be made on behalf of a group of Settlement Class Members.

13. Any Settlement Class Member who wishes to object to the Settlement must submit a written statement of objection to the Settlement Administrator, postmarked no later than 60 days after the Class Notice Date. The statement of objection must state the case name and number; specify the basis for the objection; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

14. Plaintiff's motion for attorneys' fees and expenses and any class representative service award shall be filed at least ten (10) days prior to the Final Approval Hearing.

15. The Final Approval Motion shall be filed no later than fourteen (14) days prior to the date of the Final Approval Hearing. In the Final Approval Motion, Class Counsel shall address any timely submitted objections to the Settlement.

16. The Court will conduct a Final Approval Hearing on **Friday, June 21, 2019**, at **9:30 a.m.**, in the Sam Gibbons United States Courthouse, 801 N. Florida Ave., **Courtroom 15B**, Tampa, Florida, to determine whether the Settlement is fair, reasonable, and adequate; whether any objections to the Settlement should be overruled; whether Class Counsel's motion for attorneys' fees and expenses should be granted; and whether a class representative service award to the named Plaintiff should be approved.

DONE and ORDERED this 26th day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE
Honorable William F. Jung

Copies to:
Counsel of Record